UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VALSOURCE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:06-cv-0447-DFH-VSS |
| | ) |
| BRETT CONAWAY, | ) |
| | ) |
| Defendant. | ) |

ORDER OF REMAND

This action was filed in the state courts, and defendant Conway removed the action on March 16, 2006 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. There are two problems with the removal, and one cannot be cured.

The potentially curable problem is that plaintiff Valsource, LLC appears to be a limited liability company, and not a corporation (as Valsource alleged in the complaint). The Seventh Circuit has repeatedly held that a limited liability company is treated like a partnership for purposes of diversity jurisdiction, meaning that it has the citizenship of all of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), and cases citing *Cosgrove*. That problem, which is too common, often can be solved by giving the party invoking diversity jurisdiction an opportunity to amend the complaint or removal papers, as the case may be.

The second problem is that defendant Conway, who removed this action, is a citizen of Indiana. A case relying on diversity jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). As a citizen of Indiana, Conway is not entitled to remove the case, which must be remanded to the Marion Superior Court.

So ordered.

Date: March 21, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com

James M. Hinshaw
BINGHAM MCHALE LLP
jhinshaw@binghammchale.com

Jonna L. McGinley
BINGHAM MCHALE
jmcginley@binghammchale.com

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Brian W. Welch
BINGHAM MCHALE
bwelch@binghammchale.com